## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JANE DOE 1** | : | |
| c/o Wright & Schulte | : | |
| 130 W. Second St., Suite 1600 | : | Case No.: |
| Dayton, Ohio 45402 | : | |
| | : | |
| and | : | JUDGE: |
| | : | |
| **JANE DOE 2** | : | |
| c/o Wright & Schulte | : | |
| 130 W. Second St., Suite 1600 | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **COMPLAINT FOR PERSONAL** |
| | : | **INJURY W/JURY DEMAND** |
| **BEDFORD CITY SCHOOLS** | : | **ENDORSED HEREIN** |
| c/o Andrea Celico, Ph.D., Superintendent | : | |
| 475 Northfield Road | : | |
| Bedford, Ohio 44146 | : | |
| | : | |
| and | : | |
| | : | |
| **BEDFORD SCHOOL BOARD** | : | |
| c/o Eva Boyington, President | : | |
| 475 Northfield Road | : | |
| Bedford, Ohio 44146 | : | |
| | : | |
| and | : | |
| | : | |
| **SEAN E. WILLIAMS** | : | |
| Inmate No. A763291 | : | |
| c/o Richland Correctional Institution | : | |
| P.O. Box 8107 | : | |
| Mansfield, Ohio 44905 | : | |
| | : | |
| and | : | |
| | : | |
| **SAMUEL J. VAWTERS** | : | |
| c/o Bedford City Schools | : | |
| 475 Northfield Road | : | |
| Bedford, Ohio 44146 | : | |
| | : | |

1

| | |
|---|---|
| and | : |
| | : |
| **JOHN/JANE DOE EMPLOYEES 1-10** | : |
| Address Unknown | : |
| | : |
| and | : |
| | : |
| **XYZ COMPANIES 1-10** | : |
| Address Unknown | : |
| | : |
| Defendants. | : |
| | : |

Now come Plaintiffs, by and through Counsel, to set forth the following averments as their Complaint:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1334 because Plaintiffs allege claims under federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

2. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' claims occurred within this district.

## PRELIMINARY STATEMENT

3. Plaintiffs bring this lawsuit under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* because Bedford City Schools and/or Beford School Board ("Defendants") had actual notice of and were deliberately indifferent to the fact that Sean Williams, a Bedford City Schools employee, faculty member, and football coach, sexually assaulted and abused Plaintiff in September and October of 2018.  Moreover, Defendants knew of, ignored, were deliberately indifferent to,  aided, abetted, and actively concealed not only Williams' but a culture of teacher sexual predation on Defendants' students.

2

## PARTIES

4.      Plaintiffs are citizens of the State of Ohio, domiciled in the city of Bedford Heights, Cuyahoga County, Ohio. Plaintiff JANE DOE 2 is the parent of JANE DOE 1, who was 15 years-old and a sophomore in high school at Bedford High School.  Plaintiffs wish to proceed pseudonymously, as JANE DOE 1 is a victim of sexual abuse.  Disclosure of Plaintiffs' identities would reveal information of the utmost intimacy.  The identities of Plaintiffs have been or will be confidentially disclosed to Defendants or their counsel under an agreed-upon protective order.

5.      Defendants Bedford City Schools and Bedford School Board are government agencies formed in the State of Ohio and operating as educational institutions. Defendants were at all times herein the governing body of Bedford High School and the employer of Sean Williams.

6.      Defendant Samuel J. Vawters is the former principal of Bedford High School and held that role at all times relevant herein.  Defendant Vawters was the direct supervisor of Sean Williams during the 2018-2019 school year. He is, upon information and belief, still employed by Bedford City Schools. He is sued in both his official and individual capacities.

7.      Defendant Sean E. Williams was employed by Bedford as a coach and teacher at Bedford High School.

8.      Plaintiffs sue fictitious Defendants XYZ Corporations 1-10 and John/Jane Doe Employees 1-10 because their names and/or capacities and/or facts showing them to be liable to Plaintiffs are not presently known. Plaintiffs will seek to leave to amend this Complaint if necessary, to reflect the true names and capacities of such fictitious Defendants when ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants are negligent or responsible in some manner for the events herein alleged.

3

## FACTUAL BACKGROUND

7.      In September of 2018, JANE DOE 1 was a 15-year-old student attending Bedford High School, where Defendant Sean Williams was employed as a teacher and coach.

8.      JANE DOE 1 had a teacher/coach relationship with Mr. Williams as a result of his status and position with Bedford City Schools and as her track coach.

9.      In September of 2018 Mr. Williams initiated conversations with JANE DOE 1, asking inappropriate questions about her family dating life, and sexual experience. He continued these conversations, stating to Plaintiff that she was pretty and that if she was eighteen, she would be his girlfriend.  These conversations progressed to physical contact within the school building, including touching Plaintiff's buttocks and kissing her forehead.

10.     At the end of September of 2018, Mr. Williams had progressed to kissing Plaintiff on her mouth as she would leave his classroom and bought her undergarments as a gift.

11.     At the beginning of October, 2018, Mr. Williams manipulated Plaintiff into "hanging out" with him after Bedford High School's homecoming.

12.     On or about October 6, 2018, Mr. Williams picked Plaintiff up at an outside location, took her to a motel, where he sexually assaulted her.

13.     After the instance on October 6th, Mr. Williams continued to hug and kiss Plaintiff while on school grounds.  He forced Plaintiff to perform oral sex on him and Plaintiff complied.

14.     This continued until October 24, 2018 with at least one more instance of attempted sexual intercourse on the part of Mr. Williams.

15. Upon information and belief, Bedford City Schools and/or Bedford School Board and/or Samuel Vawters knew that Sean Williams was suspected of inappropriately touching his vulnerable female students using very similar predatory patterns as the one taken with JANE DOE 1. Despite such knowledge, Defendants negligently continued to retain Mr. Williams as an employee. Worse still, they negligently continued to allow Mr. Williams access to vulnerable students without supervision. By and through this conduct, Defendants in fact, acquiesced to this form of conduct and scope of employment by their employee Sean Williams.

16. Defendants continued to employ Mr. Williams and continued to allow him access to female students without a chaperone or any other supervision.

17. In July of 2019, Sean Williams was sentenced to six years imprisonment as a result of his assault of Plaintiff.

18. At all times relevant to the claims at bar, the Plaintiff JANE DOE 1 was a minor and was neither contributorily negligent nor did she assume the risk of her injuries, or consent to the inappropriate physical contact by Mr. Williams.

## **COUNT I: (Assault and Battery-All Defendants)**

19. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

20. The conduct and actions of Defendants acting by and through its employee/agents, including, but not limited to, Mr. Williams, who inappropriately assaulted the Plaintiff JANE DOE 1, constitutes an intentional and offensive assault of Plaintiff to which Plaintiff did not consent.

21. The conduct and actions of Defendants acting by and through its employee/agents, including, but not limited to, Mr. Williams was not justifiable.

5

22.     The intentional, nonconsensual sexual assault of Plaintiff by Defendants acting by and through its employees/agents, including, but not limited to, Mr. Williams was highly offensive to Plaintiff's reasonable sense of dignity.

23.     As a direct and proximate result of the intentional acts of Defendants acting by and through its employees/agents, including, but not limited to, Mr. Williams, the Plaintiff experienced pain, suffering, psychological harm, diminished self-esteem, a sense of being unsafe, depression, embarrassment, bullying, nightmares, stigmatization, humiliation, post-traumatic stress, and was otherwise injured and damaged.

## COUNT II: (Intentional Infliction of Emotional Distress-All Defendants)

24.     The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

25.     Defendants' conduct by and through its employees/agents, including, but not limited to, Mr. Williams, who sexually assaulted and battered the Plaintiff, was intentional and in deliberate disregard for the high degree of probability that Plaintiff would suffer emotional distress as a result.

26.     Defendants' conduct in acting by and through their employees/agents, including, but not limited to, Mr. Williams, was extreme and outrageous.

27.     Defendants' conduct and actions in acting by and through their employees/agents, including, but not limited to, Mr. Williams were the direct and proximate cause of severe emotional distress to Plaintiff.

28.     As a direct and proximate result of the intentional acts of Defendants acting by and through its employee/agents, including, but not limited to, Mr. Williams, the Plaintiff experienced pain, suffering, psychological harm, diminished self-esteem, a sense of being

unsafe, depression, embarrassment, bullying, nightmares, stigmatization, humiliation, post-traumatic stress, and was otherwise injured and damaged.

## COUNT III: (Negligent Hiring, Supervision, Credentialing, and Retention-Defendants Bedford City Schools, Bedford School Board, and Samuel J. Vawters)

29.     The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

30.     Defendants knew or reasonably should have known of Mr. Williams's propensities to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female students.

31.     Defendants knew that Mr. Williams was being placed in a position of employment where he would have unfettered access to vulnerable female students without direct supervision, oversight, or monitoring.

32.     Defendants had a duty of care to Plaintiff, as well as to other female students when hiring, retaining, supervising, and evaluating its prospective employees, including Mr. Williams, to timely, adequately, and appropriately investigate, heed, and act on all reasonable suggestions and information that Mr. Williams had the propensity to, and/or had actually, inappropriately touched and/or sexually assaulted female patients in the course and scope of his employment for Defendants.

33.     Defendants had a duty of care to Plaintiff, as well as to other female students, to prohibit Mr. Williams from privately interacting with Plaintiff as well as with other female patients, given Mr. Williams's propensity to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female patients.

34.     Upon information and belief, Mr. Williams engaged in unlawful sexual battery of numerous female students while employed by Defendants before his physical contact with the Plaintiff as outlined above.

35.     Mr. Williams used his position as a Defendants physician to gain access to vulnerable female students and to assault and commit sexual battery against Plaintiff and others.

36.     Defendants knew, or should have known, that Mr. Williams had a propensity to assault and commit sexual battery against female students and to otherwise physically threaten, harm, and injure such students.

37.     Defendants permitted Mr. Williams's unfettered access to vulnerable female students without a chaperone or other close personal supervision.

38.     Defendants failed to investigate the claims that Mr. Williams had assaulted, battered, and otherwise inappropriately touched female students prior to September and October of 2018.

39.     Defendants had a duty of care to Plaintiff, as well as to other female students, to protect Plaintiff and its female students and to otherwise ensure the safety of its female students, including Plaintiff, from being assaulted and battered by Defendants' employees and/or agent, including Mr. Williams.

40.     Assaults and sexual batteries of the sort suffered by Plaintiff were entirely preventable had Defendants timely, adequately, and appropriately investigated the complaints made regarding Mr. Williams' inappropriate contact with other students and intervened by prohibiting Mr. Williams's continuing unfettered and unsupervised access to vulnerable female students, including Plaintiff.

41.     In breach of its duty of care, Defendants negligently retained Mr. Williams when Defendants knew, or should have known, of Mr. Williams' propensity to sexually assault, batter, and otherwise harm and injure vulnerable female students, including Plaintiff.

42.     In breach of its duty of care, Defendants was also negligent in supervising Mr. Williams by: 1) failing to engage a chaperone for any and all of Mr. Williams's interactions with Plaintiff and Mr. Williams's other students; 2) failing to require Mr. Williams to engage a chaperone for all interactions; and 3) allowing Mr. Williams to continue to interact with students in private and without a chaperone after being provided notice that Mr. Williams was inappropriately touching a student.

43.     The additional negligent and careless acts and omissions of the Defendant, Defendants, include, but are not limited to:

a.     Failing to establish reasonable criteria for the granting of, withdrawal, or reduction of privileges;

b.     Failing to exercise reasonable care to ensure that the duty of accountability of teachers and coaches at Bedford High School was discharged;

c.     Failing to exercise reasonable care to detect when actions or behavior of a staff member are detrimental to students or general safety;

d.     Failing to exercise reasonable care to detect that actions or behavior of a staff member demonstrate noncompliance with Bedford School District Bylaws, Rules and Regulations or Policies and Procedures, and State and Federal Law;

e.     Failing to exercise reasonable care to detect that actions or behavior of a staff member are disruptive to Defendants' operation;

f.      Failing to exercise reasonable care to detect that actions or behavior of a staff member, in particular Mr. Williams, are unprofessional, unethical or illegal;

g.      Failing to exercise appropriate and reasonable care in appointing and/or reappointing the Defendant, Mr. Williams as a member of the Bedford's Staff; and

h.      Being otherwise careless and negligent.

44.     As the employer/principal responsible for the actions of its employees/agents including but not limited to Mr. Williams; Defendants' negligent hiring, negligent retention, negligent supervision, and negligent credentialing of Mr. Williams was a proximate cause of the Plaintiff's pain, suffering, psychological harm, diminished self-esteem, a sense of being unsafe, depression, embarrassment, bullying, nightmares, stigmatization, humiliation, post-traumatic stress, and other injuries and damages.

**COUNT IV (Reckless Supervision/Failure to Monitor, Discover, and Report-Defendants Bedford City Schools, Bedford School Board, and Samuel J. Vawters)**

45.     Plaintiffs incorporate the allegations of the preceding paragraphs of the Complaint as if fully restated herein.

46.     Plaintiffs bring this claim for relief against Defendants under O.R.C. 2151.421 and Ohio common law. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

47.     Plaintiff JANE DOE 1 was a minor student in a school operated by Defendants. Defendants has the sole care of its students during the entirety of the school day.

48.     At all times relevant to this Complaint, Defendant Vawters was responsible for the supervision of Williams.

49.     At all times relevant to this Complaint, Defendant Vawters was a school official, employee, or authority as described by O.R.C. 2151.421.

50.     Defendant Vawters acted with a malicious purpose, in bad faith, or in a wanton and reckless manner in failing to monitor, discover, and report Williams' inappropriate and illegal sexual conduct.

51.     Defendant Vawters knew, or should have known, of Williams' inappropriate and illegal sexual conduct. By failing to report Williams' inappropriate and illegal sexual conduct, Defendant Vawters has breached the duties imposed by O.R.C. 2151.421.

52.     As a direct and proximate result of the actions of the Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

## COUNT V (42 U.S.C. §1983 – All Defendants)

53.     Plaintiffs incorporate the preceding of the Complaint as if fully restated herein.

54.     Plaintiffs bring this claim for relief against Defendants under 42 U.S.C. §1983. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

55.     Plaintiff JANE DOE 1 was a school student and had a liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

56.     The policies and practices of Defendants Bradford City Schools, Bradford School Board, and Vawters failed to provide statutorily-mandated education or training to its employees on the subject of child sexual abuse awareness, identification, and prevention.

57.     The policies and practices of Defendants reflect a deliberate indifference to the safety and well-being of Plaintiff JANE DOE 1

58.     As a direct result of the policies and practices of Defendants, the constitutional rights of JANE DOE 1 have been violated, including, but not limited to, the rights of the Plaintiff under the Due Process Clause of the Fourteenth Amendment, which protects against unjustified intrusions on personal security.

11

59.    Defendants knew, or should have known, of the inappropriate sexual behavior of Williams, which violated the Constitutional rights of Plaintiff JANE DOE 1

60.    As a direct and proximate result of the actions of the Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

**COUNT VI: Violation of Title IX**
**20 U.S.C. § 1681(a), *et seq.***
**Heightened Risk Claim**

61.    Plaintiffs incorporate by reference the allegations in all previous paragraphs as if fully stated here.

62.    Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."

63.    Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106. 34 C.F.R. § 106.8(b) provides: ". . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

64.    As explained in Title IX guidance issued by the U.S. Department of Education's Office for Civil Rights, sexual harassment of students is a form of sex discrimination covered by Title IX.

65.    Sexual harassment is unwelcome conduct of a sexual nature, including unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

66.     Title IX covers all programs of a school that receives any federal financial assistance, and covers sexual harassment—including sexual assault—by school employees, students, and third parties.

67.     Upon information and belief, at all relevant times, Bedford City Schools received federal financial assistance and is therefore subject to Title IX.

68.     Title IX required Bedford City Schools to promptly investigate all allegations of sexual harassment, including sexual assault and abuse.

69.     Williams committed his unlawful acts while working for Bedford City Schools as a faculty member, teacher and coach.

70.     Williams' sexual assault, abuse, molestation, and harassment of Plaintiff was sex discrimination under Title IX.

71.     Defendants were required to promptly investigate and address Plaintiffs' allegations, reports and/or complaints of sexually abusive or harassing behavior by Williams.

72.     Defendants had actual and/or constructive knowledge of the sexual assault, abuse, and molestation committed by Williams.

73.     Specifically, Defendants knew about Williams' sexual assault, abuse, and molestation through Bedford personnel with authority to take corrective action to address it.

74.     Defendants' failure to respond promptly and adequately to allegations of Williams' abuse constitutes sex discrimination, in violation of Title IX.

75.     By its acts and omissions, Defendants acted with deliberate indifference to the sexual abuse and harassment that Plaintiff JANE DOE 1 was experiencing. Defendants' deliberate indifference included, without limitation:

a.  Failing to respond to allegations of Williams' sexual assault, abuse, and molestation;

b.  Failing to promptly and adequately investigate allegations of Williams' sexual assault, abuse, and molestation;

c.  Requiring female students to see Williams for classes and sports, despite knowledge and complaints about Williams' abuse;

d.  Allowing Williams to roam freely in Bedford High School;

e.  Failing to adequately supervise Williams, after learning that he posed a substantial risk to the safety of female students;

f.  Failing to take corrective action to prevent Williams from sexually assaulting, abusing, and molesting other students; and

g.  Failing to have in place an effective sexual harassment policy that allowed students to bring complaints.

76.  Defendants' failure to promptly and appropriately investigate, remedy, and respond to complaints about Williams' sexual misconduct caused Plaintiff JANE DOE 1 to experience further sexual harassment and/or made her liable or vulnerable to it.

77.  Defendants' failure to promptly and appropriately investigate, remedy, and respond to complaints about Williams' sexual misconduct created a sexually hostile environment that effectively denied Plaintiff access to educational opportunities and benefits at Bedford High School.

78.  As a direct and proximate result of Defendants' violation of Plaintiff's rights under Title IX, Plaintiff JANE DOE 1 has suffered and continues to suffer emotional distress, physical manifestations of emotional distress, mental anguish, fear, depression, anxiety, trauma,

disgrace, embarrassment, shame, humiliation, loss of self-esteem, and loss of enjoyment of life; were prevented and continue to be prevented from obtaining the full enjoyment of life; has sustained and continued to sustain loss of earnings and earning capacity; and has incurred various personal expenses.

### COUNT VII: Violation of Title IX
### 20 U.S.C. § 1681(a), *et seq.* Hostile Environment

79.    Plaintiffs incorporate by reference the allegations in all previous paragraphs as if fully stated here.

80.    Plaintiff JANE DOE 1 was entitled to an education free from sexual harassment. However, the sexual harassment she received within Bedford High School created a hostile environment. The hostile environment this Plaintiff suffered in Bedford High School was so severe, pervasive, and objectively offensive that it effectively barred said the Plaintiff from access to numerous educational opportunities and benefits.

81.    The sexually hostile environment inside Bedford High School during the aforementioned period constituted sex discrimination in violation of Title IX.

82.    In 2018, Bedford officials in a position to implement corrective measures had actual knowledge that the Plaintiff was being subjected to a sexually hostile and abusive environment inside Bedford High School.

83.    Defendant owed the Plaintiff a duty to investigate and remedy the conditions that made Bedford High School a sexually hostile and abusive environment.

84.    Such Defendant officials showed deliberate indifference towards the safety of the Plaintiff and other female students of Bedford High School.

85.    Defendants violated Title IX by failing to remedy the sexually hostile and abusive environment in Bedford High School.

86.     As a direct and proximate result of Defendants' violation of the Plaintiff's rights under Title IX, the Plaintiff has suffered and continues to suffer emotional distress, physical manifestations of emotional distress, mental anguish, fear, depression, anxiety, trauma, disgrace, embarrassment, shame, humiliation, loss of self-esteem, and loss of enjoyment of life; was prevented and continues to be prevented from obtaining the full enjoyment of life; has sustained and continues to sustain loss of earnings and earning capacity; and incurred various personal expenses.

## COUNT VIII: Violation of Title IX
## 20 U.S.C. § 1681(a), *et seq.*
## Unlawful Retaliation

87.     Plaintiffs incorporate by reference the allegations in all previous paragraphs as if fully stated here.

88.     Title IX prohibits Defendants from retaliating against persons who report violations of Title IX or make claims under Title IX's implied cause of action.

89.     Plaintiffs made claims and allegations protected by Title IX when she discussed the incidents with Sean Williams with administrative staff of Bedford City Schools.

90.     Plaintiff has been subjected to numerous retaliatory acts since making statements about these issues.

91.     On information and belief, Plaintiff was the subject of rumors and other retaliatory acts by students and others at Bedford High School which made it impossible for her to continue her education there.

## COUNT IX: Intentional Infliction of Emotional Harm
## (JANE DOE 1 and JANE DOE 2)

92.     Plaintiffs incorporate by reference the allegations in all previous paragraphs as if fully stated here.

93.     Defendants' intentional actions in failing to protect or refusing to protect Plaintiff Jane Doe 1 from the sexual assault suffered at the hands of Mr. Williams resulted in serious emotional harm to the Plaintiffs.

94.     As a result of Defendants' actions, the Plaintiffs sustained emotional damages, pain and suffering.

95.     As a result of Defendants' actions and inactions, Plaintiffs have suffered consequential damages, including emotional pain and suffering, and emotional harm and distress and Plaintiff JANE DOE 1 suffered social, emotional, and developmental injury and educational deprivation.

96.     The Plaintiffs have and continue to suffer irreparable harm as a result of the Defendants' actions and violation of their rights.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     Enter judgment in favor of Plaintiffs on their claim for discrimination under Count I Title IX against Defendants;

(b)     Enter judgment in favor of Plaintiff JANE DOE 1 on her claim for retaliation under Count III Title IX against Defendants;

(c)     Declare Defendants' conduct in violation of Title IX of the Education Amendments of 1972;

(d)     Award Plaintiffs compensatory damages in amounts to be established at trial, including, without limitation, payment of Plaintiffs' medical and other expenses incurred as a consequence of the sexual abuse and/or harassment and Defendants' deliberate indifference; damages for deprivation of equal access to the educational opportunities and benefits provided

17

by Bedford City Schools; and damages for past, present and future emotional pain and suffering, ongoing mental anguish, loss of past, present and future enjoyment of life, and loss of future earnings and earning capacity;

(e)     Award Plaintiffs pre-judgment and post-judgment interest;

(f)     Award Plaintiffs their court costs and expenses, including attorney's fees, pursuant to 42 U.S.C. § 1988(b); and

(h)  Grant such other relief as this Court deems just and proper

Respectfully submitted,

/s/ Robert L. Gresham
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
Kesha Q. Brooks, #0095424
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
(937) 222-7477
(937) 222-7911        FAX
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com

/s/ Stanley Jackson
Stanley Jackson, #0077011
THE COCHRAN FIRM - CLEVELAND
2000 Auburn Drive, Suite 200
Beachwood, Ohio 44122
(216) 333-3333
(513) 381-7922 FAX
sjackson@cochranohio.com
*Attorneys for Plaintiffs*

## **JURY DEMAND**

Now come Plaintiffs, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Robert L. Gresham

Robert L. Gresham, Esq.

*Attorneys for Plaintiffs*